THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OSVALDO DIAZ PABON,

     Petitioner

       v.

UNITED STATES OF AMERICA

     Respondent

Civil Case No. 14-1413 (PG)
(Re: Criminal No. 96-0022 (PG))

<u>ORDER</u>

Before the Court is Defendant Osvaldo Díaz Pabón's pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. See Docket No. 1. For the reasons set forth herein, the motion is **DENIED.**

**I.   Factual and Procedural Background**

On March 7, 1997, Osvaldo Díaz Pabón ("Díaz-Pabón" or "Petitioner") was sentenced to a term of life imprisonment for taking part in two carjackings and a murder. See Docket No. 101 of Crim. No. 96-0022. Petitioner filed a Notice of Appeal on March 13, 1997. See Docket No. 105 of Crim. No. 96-0022. The First Circuit confirmed Petitioner's sentence. United States v. Díaz-Pabón, 187 F.3d 623 (1st Cir. 1998), 1998 WL 1085821 (1st Cir. Aug. 20, 1998); see also Docket No. 135 of Crim. No. 96-0022.

Díaz Pabón filed his first Motion to Vacate on May 10, 1999 (the "First Motion to Vacate.") See Docket No. 2 of Civ. No. 99-2117. He argued that the indictment did not charge all the elements of the crime and that relief was warranted pursuant to Jones v. United States, 526 U.S. 227 (1999). Id. Magistrate Jesus A. Castellanos entered a Report and Recommendation (R&R) recommending that the motion be denied. See Docket No. 11 of Civ. No. 99-2117. On April 9, 2001, the Court approved and adopted the R&R, thus dismissing the § 2255 petition. See Docket Nos. 14 and 15 of Civ. No. 99-2117.

A timely notice of appeal followed. See Docket No. 17 of Civ. No. 99-2117. On May 25, 2001, Díaz-Pabón requested a Certificate of Appealability ("COA") that the Court denied. See Docket Nos. 18 and 19 of Civ. No. 99-2117. On July 17, 2002, the Court of Appeals denied the

Application for a COA. See Docket No. 21 of Civ. No. 99-2117.

Petitioner filed his second Motion to Vacate on May 19, 2010 (the "Second Motion to Vacate.") See Docket No. 2 of Civ. No. 10-1427. On October 26, 2010, the Court denied the Motion to Vacate because it was an unauthorized successive petition. See Docket No. 14 of Civ. No. 10-1427. Petitioner timely appealed. See Docket No. 16 of Civ. No. 10-1427. The First Circuit denied Petitioner's request for a COA and terminated the appeal. See Docket No. 34 of Civ. No. 10-1427. Furthermore, the First Circuit expressed that even construing the petition as an application for leave to file a second or successive § 2255 petition, the motion was denied. Id.

On May 19, 2014, Díaz-Pabón filed a Third Motion to Vacate (the "Third Motion to Vacate.") See Docket No. 2 of Civ. No. 14-1903. The Government's Response posits that the post-conviction relief sought should be denied because the § 2255 motion is an untimely successive petition filed without prior authorization from the Court of Appeals. See Docket No. 8 of Civ. No. 14-1903. On August 12, 2014, Petitioner replied to the Government's opposition. See Docket No. 9 of Civ. No. 14-1903.

**II.  Arguments**

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The Government argues that because the Antiterrorism and Effective Death Penalty Act ("AEDPA"), precludes second or successive petitions for relief under § 2255, the Court should dismiss Petitioner's request. AEDPA imposes "substantial procedural restrictions on second or successive habeas petitions." Rainieri v. U.S., 233 F.3d 96, 99 (1st Cir. 2000). Of most relevance here, AEDPA provides that "[b]efore a second or successive application …. is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.A. § 2244(b)(3)(A).

In that sense, the First Circuit has expressed: "a defendant usually

gets only 'one complete round of collateral review" under § 2255.'" <u>U.S. v. Sevilla-Oyola</u>, 770 F.3d 1, 12 (1st Cir. 2014) (citations omitted). "Second or successive § 2255 motions are severely limited and require certification by the appropriate court of appeals." <u>Id</u>. (<u>citing</u> 28 U.S.C. § 2255(h)).

It is undisputed that Petitioner did not seek a certification, let alone obtain, the required authorization from the First Circuit before filing his Third Motion to Vacate. Therefore, this court lacks jurisdiction to rule on the post-conviction relief sought. <u>Muñoz v. United States</u>, 331 F.3d 151, 153 (1st Cir. 2003).

**III.  Conclusion**

For the reasons set forth herein Petitioner's Successive Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, March 14, 2015.


                                          <u>S/ JUAN M. PÉREZ-GIMÉNEZ</u>
                                          JUAN M. PÉREZ-GIMÉNEZ
                                          SENIOR U.S. DISTRICT JUDGE